United States District Court
Southern District of Texas
**ENTERED**
March 23, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JUANA GONZALEZ AYALA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-01962 |
| | § | |
| RANDY TATE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

<u>**ORDER**</u>

Before the Court is Petitioner Juana Gonzalez Ayala's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 8). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion to Dismiss.

**I.     BACKGROUND**

Respondents did not dispute the following facts. Petitioner is a fifty-year-old citizen of Mexico who entered the United States without inspection in 2005, over twenty years ago. ECF No. 1 at ¶¶ 33-34. Petitioner fled Mexico due to threats from her ex-husband. *Id.* at ¶ 35. Petitioner has no criminal history. *Id.* at ¶ 26. Petitioner is the mother of six children, four of whom of are U.S. citizens. Three of her U.S. citizen children are minors for whom Petitioner is the primary caregiver. *Id.* at ¶ 40-41. Petitioner has diabetes and high blood pressure; she requires daily medication and periodic insulin to manage her conditions. *Id.* at ¶ 42.

1 / 3

On February 16, 2026, Petitioner was taken into immigration custody after encountering law enforcement as a witness to a traffic accident. *Id*. at ¶ 2. Petitioner is now in ongoing removal proceedings.

## II.    ANALYSIS

At the outset, the Court agrees with Respondents that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) under the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). However, the Court concludes that § 1225(b)(2) violates the Fifth Amendment's Due Process Clause as applied to Petitioner.

The Court recently addressed a nearly identical set of facts in *Salvador Rodriguez v. Frink*, No. 4:26-CV-00798 (S.D. Tex. Mar. 13, 2026) (Ellison, J.). In that case, this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Salvador Rodriguez*, No. 4:26-CV-00798 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). For the reasons articulated in that case, the Court reaches the same conclusion here. Because the Court agrees with Petitioner that her ongoing detention violates the Due Process Clause, it declines to address her additional arguments.

## III.    CONCLUSION

For the same reasons previously articulated in *Salvador Rodriguez*, the Court concludes that "the appropriate remedy [for the violation of Petitioner's due process rights] is a bond hearing at which the Government bears the burden of proving by clear and convincing evidence that 'continued detention is needed to prevent [Petitioner]] from fleeing or harming the community.'" *Salvador Rodriguez*, No. 4:26-CV-00798 (quoting *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 213-14 (3d Cir. 2020)). Other courts addressing similar circumstances have

ordered the same or similar remedies. *E.g., Armando Gomez Hernandez, v. ICE Field Off. Dir., El Paso, Texas et al*, No. EP-26-CV-67-KC, 2026 WL 503958, at *3 (W.D. Tex. Feb. 23, 2026) (ordering bond hearing where government bears the burden to prove flight risk or danger by clear and convincing evidence); *Rodriguez v. Bondi*, No. EP-26-CV-00292-DB, 2026 WL 523055, at *2 (W.D. Tex. Feb. 25, 2026) (same); *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (ordering immediate release).

The Court therefore **ORDERS** as follows.

1. Respondents must provide Petitioner with a bond hearing before an IJ at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner presents a risk of flight or a danger to the community. **Respondents must provide this hearing within five (5) days, or else release Petitioner.**

2. Respondents must file an advisory with the Court **on or before March 30, 2026**, informing the Court of the result of the hearing and Petitioner's custody status.

**IT IS SO ORDERED.**

Signed at Houston, Texas on March 23, 2026.

Keith P. Ellison
United States District Judge

3 / 3